T.C. Memo. 2001-302


UNITED STATES TAX COURT


DIANE GUSSIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15689-96.          Filed November 15, 2001.


Diane Gussie, pro se.

<u>Taylor Cortright</u>, for respondent.


MEMORANDUM OPINION


GALE, <u>Judge</u>:  Respondent determined deficiencies in

petitioner's Federal income tax and additions to tax as follows:

|  | | Additions to Tax | |
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(a)(2)</u> |
| 1988 | $48,547 | $9,986 | $11,096 |
| 1989 | 20,574 | 1,069 | 1,188 |
| 1992 | 16,281 | 3,025 | 2,286 |
| 1993 | 16,458 | 3,647 | 1,783 |
| 1994 | 208 | 100 | 10 |

Subsequent to the filing of a timely petition, respondent's motion to strike with respect to the section 6651(a)(2)[1] additions to tax was granted.

After concessions, the issues remaining for decision[2] are:

(1) Whether petitioner received nonemployee compensation of $120,200 during 1988. We hold that she did.

(2) Whether petitioner is entitled to certain deductions she claims for her 1988 and 1993 tax years. We hold that she is not.

(3) Whether we have jurisdiction to order a refund or credit to petitioner of a $3,441 overpayment she made with respect to her 1989 Federal income tax liability. We hold that we do not.

---

[1] Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioner claimed, in her petition, that she "may be entitled to a bad debt or other deduction" arising from a note she received in exchange for a portion of her interest in Bankers Mortgage Group, Inc. Petitioner did not present any evidence or make any further argument regarding this claim. Accordingly, we treat this claim as abandoned and do not address it herein. See Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Ryback v. Commissioner, 91 T.C. 524, 566 n.19 (1988).

(4) Whether petitioner is liable for additions to tax under section 6651(a)(1) for all years at issue except 1989.[3] We hold that she is.

Some of the facts have been stipulated and are so found. At the time of filing the petition, petitioner resided in Middleburg, Virginia.

During the years at issue, petitioner was the sole shareholder of Bankers Mortgage Group, Inc. (Bankers Mortgage), a corporation engaged in the business of arranging mortgages and selling real estate.

Prior to receiving the statutory notice of deficiency, petitioner had not filed Federal income tax returns for her 1988, 1989, 1992, 1993, or 1994 tax years. Respondent prepared substitute tax returns for each of these years based on information returns received from third parties and issued a statutory notice of deficiency on April 22, 1996, covering each of the foregoing years.

Issue 1. 1988 Nonemployee Compensation

On the basis of Forms 1099 he received, respondent determined that petitioner received nonemployee compensation of $120,200 during 1988. Petitioner admits she received payments totaling $119,581 from Bankers Mortgage during 1988. She claims,

---

[3] Respondent concedes that petitioner is not liable for a sec. 6651(a)(1) addition to tax for 1989 because petitioner's prepayment credits exceeded her tax liability for that year.

however, that such payments represented loan repayments and that the Form 1099 issued by Bankers Mortgage reporting nonemployee compensation paid to her in that amount was erroneous. Petitioner made no argument and offered no evidence to refute the remaining $619 of respondent's determination.

Generally, the Commissioner's notice of deficiency is presumed to be correct, and the taxpayer bears the burden of proving it is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Due to this presumption of correctness, we generally do not look behind the notice of deficiency to examine the evidence upon which the determination was made. Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984). The Court of Appeals for the Fourth Circuit, where an appeal in this case would lie, has held that a taxpayer may overcome the Commissioner's presumption of correctness by persuading the court with a preponderance of the evidence that the Commissioner's determination is arbitrary and excessive. Cebollero v. Commissioner, 967 F.2d 986, 991 (4th Cir. 1992), affg. T.C. Memo. 1990-618. If a taxpayer proves that the Commissioner's deficiency determination is arbitrary, then the Commissioner bears the burden of proving the existence and amount of the deficiency. Id. at 992. Thus in order to overcome the presumption of correctness accorded respondent's determination, petitioner must show by a preponderance of the evidence that the

payments she admits receiving from Bankers Mortgage represented loan repayments that were erroneously reported as nonemployee compensation.

Petitioner introduced a document (Workpaper) she claims was used by an accountant for Bankers Mortgage to prepare its 1988 Forms W-2, Wage and Tax Statement, and 1099-MISC, Miscellaneous Income. The Workpaper reflects that petitioner made loans to Bankers Mortgage totaling $74,341.20 during 1987 and 1988. It also reflects that, during 1988, petitioner earned a salary of $75,000 and commissions totaling $98,570 from Bankers Mortgage. Petitioner claims that, due to financial difficulties, Bankers Mortgage did not pay her the commissions she earned during 1988.

Petitioner acknowledged that the Workpaper is ambiguous on its face and could be interpreted to indicate either amounts petitioner actually received from Bankers Mortgage or merely amounts owed to her. She did not, however, attempt to remove such ambiguity by presenting testimony of the accountant responsible for preparing the Workpaper.

In addition to being ambiguous, the Workpaper is riddled with inconsistencies and in many instances tends to refute rather than support petitioner's contentions. The Workpaper suggests that petitioner made loans to Bankers Mortgage totaling $74,341.20 during 1987 and 1988 but does not indicate that any loan repayments occurred in 1988, whereas petitioner contends

herein that she received loan repayments of $119,581 during that year.  The Workpaper also suggests that petitioner's salary in 1988 was $75,000, but petitioner has agreed in connection with this case that it was $35,193, without making any effort to explain the discrepancy.  Furthermore, the Workpaper's recitation that petitioner earned $98,570 in commissions and $75,000 in salary is consistent with the proposition that she received at least $119,581 in compensation from Bankers Mortgage during 1988.  Given the foregoing problems, the Workpaper, at most, supports an inference that petitioner made some loans to Bankers Mortgage.  It does not, however, support a finding that respondent erred in determining that petitioner received nonemployee compensation of $119,581 from Bankers Mortgage during 1988.

Petitioner did not present any other evidence from the books and records of Bankers Mortgage to prove the existence of loans or to clarify how Bankers Mortgage treated the payments in issue for its own tax and financial reporting purposes.[4]  Her testimony further indicated that the alleged loans were not evidenced by promissory notes, were not secured by collateral, and did not earn interest.

---

[4] During pretrial proceedings, this Court repeatedly informed petitioner of her responsibility to substantiate her claim that the Form 1099 information Bankers Mortgage furnished to respondent was erroneous.  At trial, petitioner claimed to possess the books and records of Bankers Mortgage but admitted she never presented such documents to respondent and did not bring them to the trial proceedings.

The only other evidence petitioner proffered at trial was a summary of the 1988 activity in her personal checking account that she prepared in anticipation of trial, and the testimony of a certified public accountant, Suk L. Lee, who prepared the 1988 Form 1040 that petitioner presented to respondent for purposes of these proceedings. Even if petitioner's checking account summary and Mr. Lee's testimony are not rendered inadmissible under the hearsay and best evidence rules, see Fed. R. Evid. 801 and 1001, neither would be probative on the question of whether the payments petitioner received from Bankers Mortgage in 1988 were repayments of loans.

On the basis of the record before us, we find that petitioner has failed to carry her burden of proving that respondent's determination that she received $120,200 of nonemployee compensation in 1988 was erroneous, and we sustain it.[5]

---

[5] Although sec. 6201(d), as amended by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 602(a), 110 Stat. 1463 (1996), imposes certain additional evidentiary burdens on the Commissioner where a taxpayer asserts a "reasonable dispute" with respect to an item of income reported on an information return by a third party and the taxpayer has "fully cooperated" with the Commissioner, that section is inapplicable in this case.

Sec. 6201(d) was effective as of July 30, 1996. Although the petition in this case was filed on July 22, 1996, the trial was conducted on Apr. 6, 2000. Assuming arguendo (i) that sec. 6201(d) is effective for purposes of this case, and (ii) that petitioner has asserted a "reasonable dispute" concerning the item of income reported on the Form 1099 issued by Bankers Mortgage, sec. 6201(d) would nonetheless be inapplicable because

(continued...)

Issue 2.  Petitioner's Claimed Deductions for 1988 and 1993

The remaining dispute for 1988 concerns petitioner's claim to a commission expense deduction in the amount of $10,000.[6]  The only dispute in 1993 involves petitioner's claim to various deductions, the precise nature of which is not clear from the record.[7]

Deductions are a matter of legislative grace, and a taxpayer must substantiate amounts claimed as deductions by maintaining records adequate to establish such entitlement.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec.

---

[5](...continued)
petitioner has not "fully cooperated" with respondent as required by the statute.  Sec. 6201(d) provides that full cooperation includes "providing * * * access to and inspection of all * * * documents within the control of the taxpayer" if reasonably requested.  Petitioner admits possessing the books and records of Bankers Mortgage yet never provided such records to respondent despite respondent's repeated requests that petitioner substantiate her claims regarding the Form 1099 from Bankers Mortgage.  Thus, with respect to this item of income, petitioner has not "fully cooperated", and sec. 6201(d) is inapplicable. See McQuatters v. Commissioner, T.C. Memo. 1998-88.

[6] Petitioner claimed this deduction as a Schedule C, Profit or Loss From Business, expense on the 1988 Form 1040 she submitted to respondent in connection with these proceedings. Respondent allowed the other Schedule C expenses that petitioner claimed on the Form 1040 but contends that petitioner has not adequately substantiated that the $10,000 represented a deductible expense rather than a capitalizable cost related to the acquisition of real estate.

[7] Petitioner claimed various expenses on a 1993 Form 1040 that she submitted to respondent shortly before trial. Respondent agreed to allow certain deductions listed on Schedule A and Schedule C of the Form 1040 that respondent concedes were adequately substantiated but contends that all remaining deductions claimed by petitioner have not been substantiated.

1.6001-1(a), Income Tax Regs. Petitioner did not present any evidence to substantiate her claim to the deductions in question for either of the years at issue. Accordingly, we hold that petitioner is not entitled to them.

Issue 3. Petitioner's 1989 Overpayment

The parties have agreed that petitioner's withholdings exceeded her tax liability for 1989 by $3,441. Although petitioner did not request a refund or credit of this overpayment in the petition, we find that this issue was tried by consent under Rule 41(b) as respondent listed the overpayment dispute as an issue for trial in his pretrial memorandum.

Respondent concedes that petitioner's 1989 Federal income tax withholdings exceeded her tax liability by $3,441 but argues that this Court lacks jurisdiction to award a refund or credit of this overpayment because the period of limitations has expired. Generally, this Court has jurisdiction to award a refund or credit for overpayments of tax paid within one of two applicable look-back periods: (1) The 2 years before respondent issued the notice of deficiency, or (2) the 3 years before the taxpayer filed his or her return. Secs. 6511(b)(2), 6512(b)(3)(B); Commissioner v. Lundy, 516 U.S. 235, 241-242 (1996); Smathers v. Commissioner, T.C. Memo. 2000-113. In this case the 2-year look-back period applies because petitioner did not file a tax return before respondent issued the notice of deficiency. Commissioner v. Lundy, supra at 243. Thus we have jurisdiction to award a

refund or credit only if petitioner paid the tax at issue within the 2 years preceding the April 22, 1996, issuance of the notice of deficiency.[8] Under section 6513(b)(1), the withholding taxes making up petitioner's overpayment for 1989 were deemed paid on April 15, 1990. As the tax at issue was paid more than 2 years prior to the issuance of the notice of deficiency, this Court lacks jurisdiction to award a credit or refund of the overpayment.

## Issue 4. Additions to Tax Under Section 6651(a)(1)

Respondent determined that petitioner is liable for the section 6651(a)(1) addition to tax for each of the years at issue but subsequently conceded the addition for 1989. Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return by its due date, determined with regard to any extension of time for filing, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The addition to tax equals 5 percent of the amount required to be shown as tax on the return for each month or fraction thereof during which the failure to file continues, up to a maximum of 25 percent. Sec. 6651(a)(1).

---

[8] For taxable years ending after Aug. 5, 1997, the 2-year look-back period is increased to 3 years where a notice of deficiency is issued during the third year after the due date for filing the tax return and no return was filed before the date of the notice. See sec. 6512(b)(3), as amended by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1282(a), 111 Stat. 1037.

Petitioner did not file Federal income tax returns for any of the years at issue before issuance of the notice of deficiency in this case on April 22, 1996.  The notice of deficiency was issued more than a year after April 17, 1995, the latest due date for petitioner to file any of her Federal income tax returns for the years at issue in this case.[9]  Petitioner did not offer any evidence of reasonable cause for her failure to file.[10]  Based on the foregoing, we find that petitioner is liable for the section 6651(a)(1) additions to tax as determined by respondent for each of the years at issue except 1989.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[9] Absent an extension, petitioner's 1994 Form 1040 was due on Apr. 17, 1995.  In the petition, petitioner avers that she sought extensions to file her Federal income tax returns for 1992, 1993, and 1994.  Respondent admits that petitioner filed extensions for filing with respect to her 1988, 1989, and 1992 tax years but denies that she filed extensions for her 1993 and 1994 tax years.  Petitioner did not present any evidence to support the claim that she filed or received extensions for any of the years in question, nor did she present any evidence to support a finding that any of her returns for the years at issue in this case were due later than Apr. 17, 1995.

[10] As the notice of deficiency in this case was issued on Apr. 22, 1996, sec. 7491(c) is inapplicable.