# United States Tax Court

T.C. Memo. 2023-103

MICHAEL J. GOLDEN,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 13348-21.                                    Filed August 10, 2023.

_____

Michael J. Golden, pro se.

*Ryan A. Ault* and *Amanda K. Bartmann*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: Petitioner did not timely file a Federal income tax return for 2015. The Internal Revenue Service (IRS or respondent) prepared a substitute for return (SFR) and, on April 5, 2021, issued petitioner a notice of deficiency determining a deficiency of $2,981 plus additions to tax under section 6651(a)(1) and (2).[1] Shortly thereafter, petitioner filed a return for 2015, reporting an overpayment and claiming a refund. Having examined that return, respondent agrees that petitioner is liable for no deficiency or additions to tax for 2015. But respondent contends that any refund of overpaid tax is barred by statute.

The parties have filed Cross-Motions for Summary Judgment on this question. *See* Rule 121. Finding no disputes of material fact, we

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**Served 08/10/23**

[*2] conclude that refund of petitioner's overpayment is barred by sections 6511(b)(2)(B) and 6512(b)(3)(B). We will accordingly grant respondent's Motion and deny petitioner's Cross-Motion.

## *Background*

The following facts are derived from the parties' pleadings and Motion papers, including the attached Exhibits. *See* Rule 121(c). Petitioner resided in Pennsylvania when he petitioned this Court.

Petitioner did not timely file a Federal income tax return for 2015. As authorized by section 6020(b), the IRS prepared an SFR on the basis of third-party reporting and, on April 5, 2021, issued him a notice of deficiency. That notice determined that petitioner for 2015 had adjusted gross income of $160,585, of which $147,748 consisted of wages. Allowing him the standard deduction of $6,300 and a personal exemption of $4,000, the IRS determined taxable income of $150,285 and a tax liability of $35,150. Against that sum the IRS applied a credit of $32,169 for tax withheld by his employers, yielding a net tax liability of $2,981. The notice also determined additions to tax for failure to timely file and pay. *See* § 6651(a)(1) and (2).

On April 19, 2021, shortly after he received the notice of deficiency, petitioner filed a return for 2015. This return reported (among other things) itemized deductions of $38,187, a tax liability of $26,617, and an overpayment of $5,552. Petitioner timely petitioned this Court, seeking redetermination of his deficiency and contending that he was entitled to a refund.

After the case was docketed, it was sent to the IRS Independent Office of Appeals (Appeals) for consideration of possible settlement. On the basis of information petitioner supplied, the Appeals officer assigned to his case calculated that his correct tax liability for 2015 was $25,904. Applying the withholding credit of $32,169, the Appeals officer concluded that petitioner had overpaid his 2015 tax by $6,265.

Given Appeals' conclusion that petitioner overpaid his 2015 tax, respondent concedes that petitioner does not owe the deficiency or the additions to tax determined in the notice of deficiency. Petitioner likewise does not dispute the IRS's calculation of his overpayment amount. However, the parties disagree about whether petitioner is entitled to a refund of his overpayment.

**[\*3]**  On February 16, 2023, respondent filed a Motion for Summary Judgment seeking a ruling that sections 6511(b)(2)(B) and 6512(b)(3)(B) bar refund of petitioner's $6,265 overpayment.  On March 19, 2023, petitioner filed a Cross-Motion for Summary Judgment.  Petitioner does not dispute respondent's recitation of the relevant facts or his analysis of these statutory provisions.  But petitioner advances equitable arguments as to why he is nonetheless entitled to a refund.

*Discussion*

A.    *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials.  *See FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001).  We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  Petitioner has alleged no genuine dispute of material fact affecting the question that respondent has proposed for summary judgment.  We therefore conclude that this question may be adjudicated summarily.

B.    *Analysis*

The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent authorized by statute.  *See* § 7442; *Sunoco Inc. & Subs. v. Commissioner*, 663 F.3d 181, 187 (3d Cir. 2011), *vacating* 122 T.C. 88 (2004).  We are authorized to redetermine the amount of a deficiency for a taxable period for which the Commissioner has issued a notice of deficiency and the taxpayer has timely petitioned for review.  *See* §§ 6212–6214; Rule 13(a); *Monge v. Commissioner*, 93 T.C. 22, 27 (1989).  It is not the existence of a deficiency, but rather the Commissioner's determination of a deficiency, that provides a predicate for our jurisdiction.  *Hannan v. Commissioner*, 52 T.C. 787, 791 (1969).  In this case, although respondent has conceded a zero deficiency, his timely issuance of a notice of deficiency and petitioner's timely filing of the Petition are sufficient to sustain our authority to decide the case.[2]

---

[2] Section 6213(a) provides that a taxpayer located in the United States may file a petition with the Tax Court for redetermination of the deficiency within 90 days of the mailing of the notice of deficiency.  Absent stipulation to the contrary, appeal of

**[\*4]** We also have jurisdiction to determine the amount of any overpayment a taxpayer made for a year that is properly before the Court on a petition to redetermine a deficiency. *See* § 6512(b)(1). Our jurisdiction to order a refund of an overpayment, however, is limited and depends upon when the tax was paid. We may determine a refund for an overpayment of tax paid within one of two applicable look-back periods. Those two periods are (1) the two-year period before the IRS issued the notice of deficiency, or (2) the three-year period before the taxpayer filed his return. *See* §§ 6511(b)(2)(A) and (B), 6512(b)(3)(B); *Commissioner v. Lundy*, 516 U.S. 235, 241–42 (1996); *Gussie v. Commissioner*, T.C. Memo. 2001-302, 82 T.C.M. (CCH) 906, 908–09. If the taxpayer failed to file a return before the notice of deficiency was issued, the two-year look-back period applies. *See* §§ 6511(b)(2)(B), 6512(b)(3); *Commissioner v. Lundy*, 516 U.S. at 243; *Gussie*, 82 T.C.M. (CCH) at 909.[3]

In this case the two-year look-back period applies because petitioner failed to file a 2015 return before April 5, 2021, the date the IRS issued the notice of deficiency. Therefore, we have jurisdiction to determine a refund only if petitioner paid the tax of which refund is sought within two years of April 5, 2021. Petitioner's tax payments for tax year 2015, totaling $32,169, consisted entirely of withholding from his wages. Under section 6513(b)(1), income tax deducted and withheld from an employee's wages is deemed to have been paid on April 15 of the following tax year—in petitioner's case, April 15, 2016. Because this date was almost five years (and thus more than two years) before the date on which the notice of deficiency was issued, we lack jurisdiction to determine a refund of petitioner's overpayment.

Without disputing respondent's characterization of the pertinent law and facts, petitioner asks the Court to give equitable consideration to his personal circumstances. He represents that he was unable to

---

this case would apparently lie to the U.S. Court of Appeals for the Third Circuit. *See* § 7482(b)(1)(A). The Third Circuit recently held that the 90-day deadline is a nonjurisdictional claims-processing rule subject to equitable tolling. *See Culp v. Commissioner*, No. 22-1789, 2023 WL 4612024 (3d Cir. July 19, 2023). Neither party in this case disputes that the Petition was timely filed.

[3] Section 6512(b)(3) (last sentence) provides that the look-back period will be three years where the notice of deficiency was issued during the third year after the due date of the return (with extensions) but where no such return was filed. Because the notice of deficiency in this case was issued in 2021, more than three years after the due date of petitioner's 2015 tax return, section 6512(b)(3) does not operate to extend the look-back period to three years.

[*5] timely file his 2015 return because of the "double load" placed upon him while he was working simultaneously as a program manager in the civilian sector and as a senior military officer in the United States Navy Reserve. These burdens evidently made his life "extremely difficult." He asks that the statutory limitations on his refund be waived, adding his belief that it was not Congress's intent to "punish . . . loyal and law-bidding [sic] citizens" like him.

We sympathize with petitioner's predicament. But section 6512(b)(3) sets forth a jurisdictional requirement that limits our power as a court. *See* § 6512(b)(1) (providing that "the Tax Court shall have jurisdiction to determine the amount of [an] overpayment" if specified conditions are met); *Commissioner v. Lundy*, 516 U.S. at 245; *Harlan v. Commissioner*, 116 T.C. 31, 32 n.2 (2001); *Krape v. Commissioner*, T.C. Memo. 2007-125, 93 T.C.M. (CCH) 1239, 1240. "Jurisdictional requirements . . . do not allow for equitable exceptions." *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493, 1497 (2022). And we may not assume jurisdiction upon equitable considerations. *See Wise Guys Holdings, LLC v. Commissioner*, 140 T.C. 193, 199 (2013); *Bennett v. Commissioner*, T.C. Memo. 2017-243, 114 T.C.M. (CCH) 628 (declining to apply equitable principles to assume jurisdiction in a section 6512(b) case).

The Supreme Court has made clear that the limitations on refunds of overpayments prescribed in section 6512(b)(3) shall be given effect, consistent with Congress's intent as expressed in the plain text of the statute, regardless of any perceived harshness to the taxpayer. *See Commissioner v. Lundy*, 516 U.S. at 250–53. Because Congress has not given us authority to award refunds based solely on equitable factors, we are compelled to grant respondent's Motion for Summary Judgment.

To reflect the foregoing,

*An appropriate order and decision will be entered.*